Filed 2/18/21  Lee v. Justin Auto Repair, Inc. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KINGSTON LEE, | |
| Plaintiff and Appellant, | G058589 |
| v. | (Super. Ct. No. 30-2018-01023971) |
| JUSTIN AUTO REPAIR, INC., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Kingston Lee, in pro. per., for Plaintiff and Appellant.

Park Law and Daniel M. Park for Defendant and Respondent.

# INTRODUCTION

Appellant Kingston Lee, who is representing himself, labors under the twin disabilities of an imperfect command of English, which is not his first language, and unfamiliarity with the law. While we admire his determination to soldier on regardless, the law requires us to make no distinction between self-represented parties and those represented by attorneys. The rules must be the same for all, so a party who represents himself must abide by the same rules that apply to lawyers.

In this case, the rules restrict us to reviewing the same issues that the trial court considered and to reviewing only those documents included in the written record on appeal. Lee cannot introduce new issues in an appeal, and we cannot review anything that is not part of the written record.

The trial court entered judgment against Lee after granting without leave to amend the second of two motions for judgment on the pleadings brought by respondent Justin Auto Repair, Inc. Lee complained that he had been subjected to harassment by fellow employees and that Justin Auto Repair, his employer, wrongfully terminated him. The court ruled that Lee had not alleged harassment based on one of the protected categories of Government Code section 12940 and had failed to exhaust his administrative remedies.

We affirm the judgment. Lee's second amended complaint alleges two altercations with coemployees, neither of which constituted harassment as defined by the Government Code. In addition, Lee appears to have been an at-will employee, who could be fired at any time, so long as the reason was not a prohibited one. This was the basis of the trial court's ruling, and it was correct. We cannot consider the other issues raised in Lee's opening brief.

## FACTS

Lee filed a complaint against Justin Auto Repair on October 10, 2018. He filed an amended complaint on January 7, 2019.[1] Justin Auto Repair moved for judgment on the pleadings in June 2019, which motion was granted with leave to amend. In its minute order of July 22, 2019, the court ruled that Lee had failed to state a cause of action for harassment under any of the protected categories listed in Government Code section 12940, subdivision (j)(1), and had failed to exhaust administrative remedies by first filing a complaint with the Department of Fair Employment and Housing. Finally, a work-related claim of emotional distress must be dealt with through the workers' compensation system.

Lee's second amended complaint alleged two altercations with coemployees at the auto repair shop. No cause is attributed to the first one; the employee just asked Lee if he wanted to fight. The second altercation was over some tools that another employee claimed were his. This employee asked the manager to fire Lee, and he was fired. Lee also alleged that Justin Auto Repair did not withhold taxes, social security, and Medicare payments from his paycheck.

The court granted the second motion for judgment on the pleadings without leave to amend. Once again, the court held that the complaint included no allegations of harassment based on protected categories or an allegation regarding exhaustion of remedies. The court reiterated its finding regarding emotional distress. Finally, the court stated Lee had not received permission to amend the complaint to state a completely different cause of action, one regarding taxes, social security and Medicare payments. Judgment was entered on October 23, 2019.

---

[1] Neither the complaint nor the first amended complaint is in the record.

**DISCUSSION**

We independently review a judgment entered after the granting of a motion for judgment on the pleadings. (*City and County of San Francisco v. All Persons Interested in Matter of Proposition C* (2020) 51 Cal.App.5th 703, 714.)

Lee's opening brief is not clear about whether he claims to be an independent contractor or a Justin Auto Repair employee, misclassified as an independent contractor.[2] For purposes of a harassment claim, however, his classification does not matter. Government Code section 12940, subdivision (j)(1), which prohibits harassment "because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status," protects both an employee and "a person providing services pursuant to a contract." (Gov. Code, § 12940, subds. (j)(1), (j)(5).) Lee therefore had to exhaust his administrative remedies before he could bring a harassment claim in court, regardless of his status. (See Gov. Code, § 12960, subd. (a) ["This article governs the procedure for the prevention and elimination of practices made unlawful pursuant to Article 1 (commencing with Section 12940). . ."])

Moreover, the harassment alleged in the second amended complaint is not the kind the Government Code covers. Nothing indicates the harassment was motivated by race, religion, or the other protected categories. As alleged, both incidents were simply workplace disagreements based on personal animosities.

If the basis of Lee's complaint is that he was wrongfully fired, he still has not stated a cause of action. Perhaps Justin Auto Repair did not have a good reason for firing him, but nothing alleged in the complaint indicates Lee was anything but an at-will

---

[2] Lee's complaint that Justin Auto Repair wrongfully failed to withhold taxes, social security, and Medicare payments from his paycheck suggests he claims to be an employee. His claim he did not have to exhaust administrative remedies suggests he believed himself to be an independent contractor.

4

employee (if he was an employee), who can be fired for any reason or no reason, so long as it is not a prohibited reason. (Lab. Code, § 2922.) According to the second amended complaint, Lee was fired at the request of another employee, and not because of his "race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status," which, under the Government Code, are the prohibited reasons for firing someone. (Gov. Code, § 12940, subd. (a).)

Lee also has a complaint about the Korean interpreter who assisted him at the hearing on the motion for judgment on the pleadings. Lee did not include a reporter's transcript of the hearing in the record, so we have no means of reviewing this issue. We can review only matters in the written record submitted to us. (See *Pipitone v. Williams* (2016) 244 Cal.App.4th 1437, 1440, fn. 2; *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1054; Cal. Rules of Court, rule 8.204(a)(1)(C).)

Lee also complains, we believe, that discovery propounded by Justin Auto Repair was too burdensome. Nothing regarding discovery is included in the record, and we cannot review anything that is not part of the written record.[3] In addition, a complaint of this kind must first be submitted to the trial court by means of a motion for a protective order. (See Code Civ. Proc., § 2017.020.) It cannot be raised for the first time as part of an appeal. (See *Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 334; *Santantonio v. Westinghouse Broadcasting Co.* (1994) 25 Cal.App.4th 102, 113.)

---

[3] Lee refers to a motion to compel, but there is no motion to compel in the record and no reference to one in the register of actions.

## DISPOSITION

The judgment is affirmed.  Respondent's request for judicial notice is denied.  Respondent is to recover its costs on appeal.


BEDSWORTH, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.